STATE v. STEWART

[122 N.C. App. 748 (1996)]

———

STATE OF NORTH CAROLINA v. CURTIS BERNARD STEWART

No. COA95-821

(Filed 18 June 1996)

**Criminal Law § 757 (NCI4th)— jury instructions on reasonable doubt—explanation of "beyond"—no error**

The trial court's instructions on reasonable doubt, taken from the Pattern Jury Instructions, were a clear and fair representation of the law to the jury, and the court's further explanation of the word "beyond" in instructing the jury on the concept of beyond a reasonable doubt did not alter the State's burden of proof and ultimately did nothing more than restate the analysis the jury was

to undertake in determining whether the State met its burden of proof.

**Am Jur 2d, Trial §§ 1370 et seq.**

Appeal by defendant from judgment and commitment entered 20 February 1995 by Judge John M. Gardner in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 March 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General Don Wright, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender, Julie Ramseur Lewis, for defendant-appellant.*

McGEE, Judge.

The State's evidence at trial tended to show that on the afternoon of 22 March 1994, David Ozodigwe, a taxicab driver, picked up four males, ages sixteen to twenty-four, whom he had never seen before. Three of the males got into the back seat and one sat in the front seat of the cab. After driving the passengers to the Wilmore section of Charlotte, Ozodigwe was directed to drive to Dunkirk Street. When Ozodigwe stopped his cab, the passenger in the right corner of the back seat placed a small gun to Ozodigwe's head and said, "Give it up." Ozodigwe took $25.00 to $30.00 from his pocket and the front seat passenger snatched the money out of his hand and took the car keys. The four passengers then ran away from the scene. Two police officers arrived thirty to sixty minutes later and as part of his investigation, Officer R.S. Crosby showed a computer-generated photographic lineup to Ozodigwe, who "immediately and confidently" identified the gunman.

Defendant, Curtis Bernard Stewart, was indicted for felonious robbery with a dangerous weapon in violation of N.C. Gen. Stat. § 14-87. At trial, Ozodigwe identified defendant as being the rear seat passenger who had held the gun to his head. Defendant was found guilty of robbery with a dangerous weapon and was sentenced to a term of imprisonment of nineteen years. From this judgment and commitment, defendant appeals arguing the trial court erred in its instructions to the jury on reasonable doubt. We disagree.

Over defendant's objections, the trial court initially gave the following jury instruction:

STATE v. STEWART

[122 N.C. App. 748 (1996)]

The burden of proof in criminal cases is on the State of North Carolina to prove to you that the Defendant is guilty beyond a reasonable doubt. A reasonable doubt is a doubt based on reason and common sense arising out of some, or all, of the evidence that has been presented, or the lack, or insufficiency, of the evidence as the case may be.

Proof beyond a reasonable doubt is proof that fully satisfies or entirely convinces you of the Defendant's guilt.

Now, one further instruction on the burden of proof. Occasionally the term "beyond" in the phrase "beyond a reasonable doubt" creates confusion among jurors because that word is not being used in its most common sense. Most commonly the word beyond means more than or farther than, but that is not the way the word is being used in that phrase. What it means is to the exclusion of. To put it more simply, if you have a reasonable doubt of the Defendant's guilt of the crime for which he is charged, then it is your duty to return a verdict of not guilty. On the other hand, if you do not have a reasonable doubt as to the Defendant's guilt of the crime for which he is charged, and therefore the State has proven his guilt beyond a reasonable doubt, then it is your duty to return a verdict of guilty.

After beginning deliberations, the jury returned to the courtroom and requested that the trial court give a "clarification of reasonable doubt." The trial court then reinstructed the jury as follows:

As I said earlier, reasonable doubt is a doubt based on reason and common sense that arises from some, or all, of the evidence that has been presented during the trial, or on the lack, or insufficiency, of the evidence.

Proof beyond a reasonable doubt is proof that fully satisfies or entirely convinces you of the Defendant's guilt.

It is the burden of proof in criminal cases in the State of North Carolina for the State to prove to you that the Defendant is guilty beyond a reasonable doubt of the offense for which he has been charged, and each and every element of that offense.

. . .

So, you have to be fully satisfied or entirely convinced that the Defendant committed each and every element of the offense of which he has been charged. If you are fully satisfied or entirely

STATE v. STEWART

[122 N.C. App. 748 (1996)]

convinced that the Defendant committed the offense, the State has met its burden of proof beyond a reasonable doubt.

Defendant contends the instructions given by the trial court were confusing and misled the jury. In particular, the court's definition of the word "beyond" was an unnecessary addendum which was not "in substantial accord" with definitions approved by our Courts and complicated the entire instruction.

In *State v. McWilliams*, 277 N.C. 680, 178 S.E.2d 476 (1971) our Supreme Court said:

> A charge must be construed contextually, and isolated portions of it will not be held prejudicial when the charge as a whole is correct. If the charge as a whole presents the law fairly and clearly to the jury, the fact that isolated expressions, standing alone, might be considered erroneous will afford no ground for a reversal.

*McWilliams*, 277 N.C. at 684-85, 178 S.E.2d at 479 (citations omitted). In this case, the trial court properly used language taken from the Pattern Jury Instructions to state the law on reasonable doubt. These instructions were given twice, once during the initial charge to the jury and later when the jury returned with a request for clarification of reasonable doubt. In addition, during the initial charge to the jury the trial court offered a more complete definition of the word "beyond" in instructing the jury on the concept of beyond a reasonable doubt. This addendum, while extraneous, did not alter the State's burden of proof and ultimately it did nothing more than restate the analysis the jury was to undertake in determining whether the State met its burden of proof required to convict defendant.

We find as a whole, the jury instructions at issue here constituted a clear and fair representation of the law to the jury. This error is overruled.

No error.

Judges EAGLES and LEWIS concur.